UNITED STATES of America,
Plaintiff–Appellee,

v.

Lawrence Edward BROWNSTEIN,
Defendant–Appellant.

No. 95–50046.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 1995.*

Decided March 21, 1996.

Sean K. Kennedy, Deputy Federal Public Defendant, Los Angeles, CA, for appellant.

Donna M. Edmiston, Assistant United States Attorney, Los Angeles, CA, for appellee.

Before: BRIGHT,** SKOPIL, WIGGINS, Circuit Judges.

SKOPIL, Senior Circuit Judge:

Lawrence Brownstein pleaded guilty to bank robbery, 18 U.S.C. § 2113(a). He contends on appeal that the district court misapplied the sentencing guidelines by refusing to consider his request for downward departure pursuant to U.S.S.G. § 5K2.16 p.s. The government challenges our jurisdiction to review the district court's decision. We conclude that we have jurisdiction, and we affirm.

I.

After robbing two federally insured banks, Brownstein voluntarily notified police and confessed. He pleaded guilty pursuant to a plea agreement, and at sentencing sought a downward departure based on section 5K2.16. That policy statement provides that "[if] the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a departure ... may be warranted." U.S.S.G. § 5K2.16 p.s. The district court re-

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34–4.

** The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

fused to apply the policy statement to Brownstein's circumstances, reasoning that his bank robberies were not unknown offenses at the time that Brownstein turned himself over to authorities.

## II.

■ The government challenges our jurisdiction on the ground that a district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable. *See United States v. Eaton,* 31 F.3d 789, 792 (9th Cir.1994). The refusal here was not discretionary. The district court reasoned that *section 5K2.16 did not apply because Brownstein's self-surrender and cooperation were considered and rewarded by application of the three-level reduction in the base offense for acceptance of responsibility under U.S.S.G. § 3E1.1. The court's dialogue with defense counsel makes clear that the court was interpreting the language of the policy statement and rejecting the request for downward departure based on its legal conclusion that the policy statement did not apply.* When a district court rests its decision not to depart on a determination that departure on a given ground is impermissible, we may review that decision de novo as an interpretation of the guidelines. *Eaton,* 31 F.3d at 793; *United States v. Reyes–Alvarado,* 963 F.2d 1184, 1189 (9th Cir.), *cert. denied,* 506 U.S. 890, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992).

The government nevertheless asserts that the district court transformed its legal ruling into a discretionary one when the court stated that it "does not believe that the defendant is entitled to a further departure under the facts of this case, given his criminal history, other than the acceptance of responsibility reduction." Taken in context, however, that statement is not indicative of an exercise of discretion. Rather, the court was again explaining to defense counsel that Brownstein qualified only for the acceptance of responsibility reduction and not for a section 5K2.16 departure. Brownstein's request for departure was thus rejected based on the sentencing court's interpretation of the language of section 5K2.16. That conclusion is further buttressed by the fact that the district court specifically told Brownstein he could appeal the court's decision regarding section 5K2.16.

## III.

A district court may depart from an otherwise applicable guideline range whenever the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b) (1994). U.S.S.G. § 5K2.0 (policy statement) provides district courts guidance in deciding whether certain circumstances are permissible grounds for departure. *United States v. Crippen,* 961 F.2d 882, 883 (9th Cir.), *cert. denied,* 506 U.S. 965, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992). Moreover, specific grounds for departures are set forth in the remaining policy statements of Chapter 5, Part K. U.S.S.G. §§ 5K2.1–5K2.18. Here, Brownstein's request for departure was based solely on application of section 5K2.16. We accordingly limit our analysis to that section.

Brownstein contends that section 5K2.16 applies to his circumstances, notwithstanding its plain language requiring that a defendant's disclosure be made prior to the discovery of the offense. Brownstein does not contend that his bank robberies were unknown or were not yet discovered at the time of his confession. Rather, he argues that the policy statement should apply whenever a defendant voluntarily surrenders and reports the offense before the authorities know who committed the offense.

Only a few decisions address the applicability of section 5K2.16. *See United States v. Adams,* 996 F.2d 75, 80 (5th Cir.1993) (declining to decide whether policy statement applies only to undiscovered offenses); *United States v. Rogers,* 972 F.2d 489, 493 (2d Cir.1992) (remanding on grounds other than section 5K2.16); *United States v. Gerard,* 782 F.Supp. 913, 915 (S.D.N.Y.1992) (ruling that defendant's voluntary disclosure of unknown mail fraud victims may support departure under section 5K2.16). None of these decisions specifically resolve the issue posited in this appeal.

In the absence of controlling authority, we turn to the plain language of the guidelines. *See United States v. Innie,* 7 F.3d 840, 846–47 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1567, 128 L.Ed.2d 212 (1994). The plain language of section 5K2.16 sets forth two requirements for a downward departure: (1) the defendant voluntarily disclosed to authorities the existence of, and accepted responsibility for, the offense prior to the discovery of the offense, and (2) the offense was unlikely to have been discovered otherwise. The policy statement gives an example of its application to a defendant who "motivated by remorse, discloses an offense that otherwise would have remained undiscovered." U.S.S.G. § 5K2.16 p.s. The plain language thus does not support Brownstein's contention that the policy statement should apply to individuals who simply confess their involvement in a crime already known to the authorities. The guidelines, of course, give some recognition and credit for an individual's confession by allowing for a three-level downward adjustment of the base offense level for early acceptance of responsibility. *See* U.S.S.G. § 3E1.1. We conclude that the district court correctly rejected Brownstein's interpretation and properly ruled that a departure under section 5K2.16 was unavailable to him.

**AFFIRMED.**