105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro ANGULO-LOPEZ, Defendant-Appellant.
 No. 96-30143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Jan. 6, 1997.
 
 Before: JOHN T. NOONAN, Jr., THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Angulo-Lopez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). He appeals his sentence. He contends the district court erroneously concluded it did not have the legal authority to depart downward based on imperfect duress, and that a downward departure in his case was permissible because it presents unusual facts which place it outside the "heartland" of similar offenses. We have jurisdiction under 18 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 3
 Angulo-Lopez, a Mexican citizen, was released from state prison in Washington on February 16, 1995. He was deported to Mexico six days later. His wife, a citizen and resident of the United States, met him in Mexico, remained with him for about six weeks, became pregnant, and returned to the United States. Mrs. Angulo-Lopez has several school-age children. It was not possible to move her and the children immediately to Mexico to be with the defendant, Angulo-Lopez. So she remained in the Seattle area where she could be sure of obtaining the close medical attention necessary to maximize her chances for a successful completion of her pregnancy. She had a number of medical problems which indicated her pregnancy and eventual childbirth would be risky.
 
 
 4
 Angulo-Lopez wanted to be "at her side until she delivered their child." Appellants Opening Brief, page 2. So, he illegally reentered the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). At sentencing he requested a downward departure under Sentencing Guideline § 5K2.12 based on "imperfect compulsion" or duress. The sentencing judge denied the request and explained:
 
 
 5
 ... I am aware of your argument, and I'm in sympathy with it. However, legally, I don't think it flies, counsel. I feel that the calculations by the probation department are accurate. I feel that that is my responsibility to follow through with. The law is as it is. Where I may be very sympathetic with why he came, I don't think that, in effect, gives me any legal cause to depart, counsel.
 
 DISCUSSION
 
 6
 We review de novo a district court's determination that it lacks legal authority to depart downward. United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996); United States v. Cantu, 12 F.3d 1506, 1510 (9th Cir.1993). However, a district court's discretionary refusal to depart downward is not reviewable. United States v. Ruelas, 96 F.3d 1324, 1328 (1996); United States v. Sablan, 92 F.3d 865, 870 (9th Cir.1996); United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).
 
 
 7
 As we read the record, the district court determined it did not have the legal authority to depart downward. The district court stated it understood Angulo-Lopez's imperfect duress argument but that "legally, I don't think it flies...." The court explained, "The law is as it is. Where I may be very sympathetic with why he came, I don't think that, in effect, gives me any legal cause to depart, counsel." The issue, therefore, is whether the district court had authority to depart downward for the reasons asserted by Angulo-Lopez.
 
 1. Duress
 
 8
 Angulo-Lopez's desire to enter the United States, travel to Seattle and be with his wife during her pregnancy and childbirth does not constitute coercion or duress within the meaning of Sentencing Guideline § 5K2.12. Section 5K2.12 provides that a downward departure may be appropriate
 
 
 9
 [i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense.... Ordinarily, coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. The Commission considered the relevance of economic hardship and determined that personal financial difficulties and economic pressures upon a trade or business do not warrant a decrease in sentence.
 
 
 10
 USSG § 5K2.12.
 
 
 11
 Section 5K2.12 may apply in those situations where a complete duress defense was not present. See United States v. Johnson, 956 F.2d 894, 898 (9th Cir.1992). We have upheld a downward departure based on section 5K2.12 where government agents used persuasion alone to encourage criminal activity, and not threats of physical violence. See United States v. Takai, 941 F.2d 738 (9th Cir.1991). We have also upheld a downward departure where the jury did not accept the defendant's defense that she was threatened, beaten, and did not believe she had the opportunity to escape. See United States v. Johnson, 956 F.2d 894, 899 (9th Cir.1992). The circumstances here are quite different. There was no threat to Angulo-Lopez. He did not enter the United States to obtain medical care for himself, nor was it necessary that he be in the United States so that his wife might have necessary medical care. He reentered the United States because he wanted to be with his wife during the ordeal of her pregnancy and childbirth.
 
 
 12
 The district court correctly determined that section 5K2.12 does not authorize a downward departure for imperfect duress or coercion in these circumstances.
 
 2. Heartland
 
 13
 Angulo-Lopez next argues that a downward departure was appropriate because his case presents unusual facts which place it outside the "heartland" of similar offenses. We disagree.
 
 
 14
 The Sentencing Commission formulated the Sentencing Guidelines "to apply to a heartland of typical cases." Koon v. United States, 116 S.Ct. 2035, 2044 (1996); United States v. Charry Cubillos, 91 F.3d 1342, 1343 (9th Cir.1996). The Guidelines authorize "district courts to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Commission." Id.
 
 The Supreme Court recently stated:
 
 15
 If a factor is unmentioned in the Guidelines, the [sentencing] court must, after considering the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be "highly infrequent."
 
 
 16
 Koon, 116 S.Ct. at 2045 (internal citations omitted).
 
 
 17
 We cannot say Angulo-Lopez's desire to be with his wife during her pregnancy and childbirth is so unusual a circumstance that it takes his case out of the heartland of illegal reentry cases.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3