108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tamara Rae VOLPE, Defendant-Appellant.
 No. 96-50599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 14, 1997.
 
 1
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Tamara Rae Volpe appeals her sentence under the Sentencing Guidelines. Volpe pled guilty to one count of importation of marijuana in violation of 21 U.S.C. §§ 952, 960, and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Volpe contends that the district court erred in determining that it did not have authority to depart downward from Criminal History Category I pursuant to U.S.S.G. § 4A1.3. Volpe argues that Category I overrepresents her relatively light prior criminal record, consisting of a state misdemeanor conviction for possession of marijuana.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 
 5
 * We review de novo the district court's determination that it does not have discretion to depart from the Sentencing Guidelines. United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996).
 
 
 6
 The Supreme Court recently held in Koon v. United States that "a federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the [United States Sentencing] Commission has proscribed, as a categorical matter, consideration of the factor." 116 S.Ct 2035, 2051 (1996). The Sentencing Commission has stated:
 
 
 7
 [t]he lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate.
 
 
 8
 U.S.S.G. § 4A1.3 (policy statement).
 
 
 9
 The district court correctly determined that it was prohibited from departing below Criminal History Category I. We have reached this conclusion before. See United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993) ("The Commission considered the fact that people with no criminal history pose relatively little threat; that's what criminal history category I is all about...."); United States v. Berlier, 948 F.2d 1093, 1095 (9th Cir.1991) ("[Lack of criminal history cannot form the basis for a downward departure [from Category I]." Koon does not change this result.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William Ingram, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3