107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo MOLINA, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lake SIMPSON, Defendant-Appellant.
 Nos. 96-10135, 96-10136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1997.*
Decided Feb. 19, 1997.
 
 1
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 This direct appeal returns to this court for the third time. In our most recent decision in this case, we affirmed the convictions and sentences of both defendants on all issues except for a claim of sentence enhancement made by both Simpson and Molina. At the time defendants were sentenced, the district court believed that it was without power to grant a downward departure for sentence enhancement. After sentencing, however, we decided United States v. Staufer, 38 F.3d 1103 (9th Cir.1994), which established that sentencing entrapment is a legitimate basis for a downward departure. We then explained:
 
 
 4
 Because Staufer was decided after sentencing in the present case, the district court judge could not have known of his authority to depart at the time he sentenced Simpson. We therefore remand for the district court to determine whether in light of Staufer Simpson is eligible for a sentencing entrapment departure. On remand, Simpson should be given the opportunity to present evidence on this question, in accordance with U.S.S.G. § 6A1.3. If the district court finds that Simpson was induced to sell an amount larger than that which he was predisposed to sell, then the district court has discretion to depart downward.
 
 
 5
 United States v. Simpson/Molina, Nos. 92-10155, 92-10158, at p. 4 (9th Cir.1995). We remanded defendant Molina's case for the same reason. Id. at 9. On remand the district court found that neither defendant had made out a claim for sentencing entrapment, and thus declined to grant the downward departure.
 
 
 6
 "Generally, a district court's refusal to grant a discretionary departure is not reviewable on appeal." United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995). In our most recent Simpson/Molina opinion, we followed the exception to this general rule: when the trial court indicates that it lacks authority to depart, we review its decision de novo as an interpretation of the guidelines. United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996). Because the district court now acknowledges its authority to depart under Staufer, its decision not to depart is not reviewable.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address defendants' other arguments, which were already resolved in the previous appeals in this case. On remand the district court was limited to address only the issue of whether to depart downward on the ground of sentencing entrapment. The district court was without power to address any other issues, and this appeal addresses only that issue. See United States v. Davis, 714 F.2d 896, 901 (9th Cir.1983)