114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appelee,
v.
Delnaz SHERVANLOO, Defendant-Appellant.
 Nos. 96-50199, 96-50201.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1997.*
Decided May 29, 1997.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delnaz Shervanloo appeals her sentences under the Sentencing Guidelines following her guilty plea convictions for knowingly making a false claim to the Small Business Administration in violation of 18 U.S.C. § 287, and for making fraudulent statements in connection with a loan application in violation of 18 U.S.C. § 1014. Shervanloo contends that the district court erred in refusing to depart downward for extraordinary family circumstances and/or coercion to commit the offenses. Because it is unclear whether the district court was aware that under the Sentencing Guidelines it had the authority to depart in the manner requested by Shervanloo, we vacate the sentences and remand to the district court for resentencing.
 
 Factual and Procedural Background
 
 3
 In February of 1993, Shervanloo submitted an application for a $300,000 disaster business loan to the Small Business Administration on behalf of a non-existent business. In 1986, 1989, and 1990, Shervanloo applied to federally insured lending institutions for loans using fraudulent federal income tax returns that greatly overstated her income.
 
 
 4
 Shervanloo pleaded guilty to one charge of making a false claim to the Small Business Administration, and to three charges of making false statements in connection with loan applications. The cases were consolidated for sentencing. The Presentence Report recommended a total combined offense level of 16, a criminal history category of I, and a Guideline sentence range of 21-27 months.
 
 
 5
 In her Position Regarding the Sentencing Factors, Shervanloo requested additional downward departures for extraordinary family circumstances and coercion to commit the offenses. Shervanloo was sentenced to eighteen months of imprisonment for each count to be served concurrently, and to three years of supervised release.[1] Additionally, the district court ordered restitution and payment of a $200 special assessment.
 
 
 6
 After pronouncing Shervanloo's sentence, the district court observed, "If we didn't have Sentencing Guidelines I might not have had to sentence her as I did, but I have to enforce --." The following discussion then ensued between counsel for Shervanloo and the court:
 
 
 7
 Ms. Leyva: Your Honor, for the record, is the Court denying the request for downward departure?
 
 
 8
 The Court: No. I've given her downward departure on the motion of the government.
 
 
 9
 Ms. Leyva: Yes, Your Honor. There was a request for additional departures based on her extra--
 
 
 10
 The Court: I don't think it would do any good, Ms. Leyva. As a matter of fact, I don't think that it should. I can't put it down to a departure that would help in any respect under the Sentencing Guidelines. We're stuck with them.
 
 
 11
 Later in the proceedings, the following exchange took place between the court and counsel for the government:
 
 
 12
 Mr. Hochman: Is it also fair to say that the Court has considered all the grounds for a downward departure and--
 
 
 13
 The Court: I have.
 
 
 14
 Mr. Hochman: --is [sic] acting in its discretion has chosen to give 18 months?
 
 
 15
 The Court: Yes.
 
 
 16
 Shervanloo now timely appeals.
 
 Analysis
 
 17
 The court has the authority to depart downward on the bases of extraordinary family circumstances and coercion. Ordinarily, family ties and responsibilities are not relevant to the sentencing determination. U.S.S.G. § 5H1.6. However, in extraordinary circumstances, such factors may be considered by the court when ascertaining whether a departure is warranted. See United States v. Shrewsberry, 980 F.2d 1296, 1298 (9th Cir.1992); see also United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993). Additionally, serious coercion, blackmail, or duress that caused the defendant to commit the offense may justify a downward departure. U.S.S.G. § 5K2.12; see also United States v. Gardner, 988 F.2d 82, 84 (9th Cir.1993).
 
 
 18
 It is unclear from the record whether the district court was aware of its ability to depart on the basis of extraordinary family circumstances or on the basis of coercion. The court explained Shervanloo's sentence by commenting: "If we didn't have Sentencing Guidelines I might not have had to sentence her as I did, but I have to enforce--." The court also stated, regarding Shervanloo's request for additional departures, "I can't put it down to a departure that would help in any respect under the Sentencing Guidelines. We're stuck with them." These statements tend to indicate that the court did not believe that it had the authority to depart downward on the basis of extraordinary family circumstances or on the basis of coercion.
 
 
 19
 However, the court also made statements that seem to show that, while it understood that it had the authority to depart in the manner requested by Shervanloo, it nevertheless made a discretionary decision not to so depart. For example, with respect to Shervanloo's request for a departure on the basis of extraordinary family circumstances and coercion, the court said, "I don't think it would do any good.... As a matter of fact, I don't think that it should." Moreover, when counsel for the government asked whether the court had "considered all the grounds for a downward departure" and whether the court was "acting in its discretion" in sentencing Shervanloo, the court responded affirmatively. These statements could be interpreted as indications that the court understood its ability to depart, but simply chose not to exercise its discretion to do so.
 
 
 20
 We must remand to the district court if we "are unable to determine from the record whether the district court's ruling was an exercise of its discretion or a legal ruling." United States v. Eaton, 31 F.3d 789, 793 (9th Cir.1994) (quotation and citation omitted). In this case, it is unclear whether the court declined to exercise its discretion to depart on the bases of extraordinary family circumstances and coercion, or whether the court concluded as a matter of law that it could not so depart. See United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1991); cf. Eaton, 31 F.3d at 793. Therefore, a remand is proper. See United States v. Brown, 985 F.2d 478, 480-81 (9th Cir.1993). If on remand the district court decides that it did in fact recognize its discretion to make such downward departures under the Guidelines, then the sentence originally imposed may stand. However, if the district court was unaware that it had such discretion, then the court should resentence Shervanloo in accordance with the recognition of its authority to depart. See United States v. Khoury, 62 F.3d 1138, 1141 (9th Cir.1995).[2]
 
 
 21
 The government contends that the district court's refusal to grant Shervanloo's request for downward departure was discretionary and hence is unreviewable on appeal. It is true that a district court's discretionary decision not to depart from the Guidelines is not subject to appellate review. Eaton, 31 F.3d at 792. However, where the district court based its decision not to depart on an erroneous belief that the Guidelines did not permit such a departure as a matter of law, the court's decision is treated as an interpretation of the guidelines and is reviewed de novo. United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996). Because the record in this case "supports an inference" that the district court's refusal to depart was the result of a legal determination that such a departure was precluded under the Guidelines, the refusal to depart is subject to de novo appellate review. Brown, 985 F.2d at 481.[3]
 
 Conclusion
 
 22
 Because the district court's statements are ambiguous as to whether it recognized its authority to depart, we VACATE Shervanloo's sentences and REMAND to the district court for resentencing.
 
 SKOPIL, Circuit Judge, dissenting:
 
 23
 This is not a case where the district court believed that it lacked the discretion to depart. The majority creates that illusion by not giving appropriate weight to the district court's express statements that it considered all of the requested grounds for departure and acted within its discretion when it chose to sentence Shervanloo to eighteen months. See United States v. Berger, 103 F.3d 67, 70 (9th Cir.1996) (court's affirmative response to government attorney's question whether denial was discretionary indicates that court exercised its discretion in not departing). Accordingly, I would dismiss the appeal for lack of jurisdiction. See United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court granted the government's motion for a one-level downward departure on the basis of Shervanloo's substantial assistance to the government in the prosecution of another individual
 
 
 [2]
 We do not express an opinion as to whether Shervanloo has presented sufficient evidence to succeed on either of her requested bases for departure. That is a question for the district court to decide in its discretion
 
 
 [3]
 "To hold otherwise would unfairly foreclose the defendant from having h[er] sentence reviewed merely because the sentencing court created an ambiguity when announcing its decision." Brown, 985 F.2d at 481