116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon and Ricky BIRCH, Defendants-Appellants.
 Nos. 96-30305, 96-30306.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 29, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-92-01324-JET; Jack E. Tanner, District Judge, Presiding.
 Before: SKOPIL, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricky and Sharon Birch appeal their sentences imposed by the district court following our remand. Both contend that the district court erred by not departing downward. Sharon argues that she is entitled to a minor participant adjustment; Ricky contends that resentencing violates his double jeopardy rights. We reject all of these arguments.
 
 1. Downward Departures
 
 3
 The district court in its original sentence departed pursuant to U.S.S.G. §§ 5K2.0 (mitigating circumstance); 5K2.10 (victim conduct); and 5K2.11 (lesser harms). We reversed, holding that the court failed to identify a mitigating circumstance to justify departure under § 5K2.0, and that the facts of the case precluded departures under either § 5K2.11 or § 5K2.10. Our order remanding stated that "the district court is limited to departures based on U.S.S.G. § 5K2.0." On remand, the district court declined to depart, concluding that there were no mitigating circumstances to justify departure. We conclude that this was an exercise of the court's discretion, and accordingly is not reviewable on appeal. See United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).
 
 
 4
 At resentencing, the court also rejected the Birches' contention that the Supreme Court's recent decision in United States v. Koon, 116 S.Ct. 2035 (1996), opened the door for a § 5K2.10 departure. That legal ruling is reviewable. United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996). We are not persuaded, however, that Koon directs departure in this case. The Court specifically recognized that § 5K2.10 does not generally apply to nonviolent offenses. Koon, 116 S.Ct. at 2049. We conclude that whatever limited application § 5K2.10 may have to such offenses, the facts here do not support departure. The district court did not err by rejecting defendants' contention.
 
 2. Minor Participant
 
 5
 Sharon Birch contends that she is entitled to an adjustment of her criminal offense level pursuant to § 3B1.2(b) on the ground that she was a minor participant in the crimes. The district court refused to make the adjustment, finding that Sharon "was more than a minimal or minor participant." We agree. The record shows that Sharon had an active and continuing role in the illegal operation, and accordingly, cannot be a "minor participant."
 
 3. Double Jeopardy
 
 6
 Ricky Birch contends that his resentencing "implicated double jeopardy principles" because the court imposed an enhanced sentence. We disagree. No double jeopardy attaches to a sentence overturned on appeal. United States v. DiFrancesco, 449 U.S. 117, 136 (1980); United States v. Foumai, 910 F.2d 617, 620 (9th Cir.1990). "Thus, sentencing may be altered as a result of appeal even if the sentence is enhanced and even though service of the sentence has already commenced." United States v. Kane, 876 F.2d 734, 736 (9th Cir.1989). Moreover, even if Ricky served his custodial term prior to resentencing, double jeopardy would not bar resentencing. See United States v. Jordan, 895 F.2d 512, 516 (9th Cir.1989).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3