119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan HERNANDEZ-GARCIA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco SANTACRUZ-NARANJO, Defendant-Appellant.
 Nos. 96-30202, CR-95-00329-01-JAR, CR-95-00329-JAR,
96-30302, CR-95-00329-01-JAR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1997.
Decided July 17, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-95-00329-JAR; James A. Redden, District Judge.
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Co-defendants Juan Hernandez-Garcia and Francisco SantaCruz-Naranjo appeal the sentences imposed by the district court following their guilty pleas. We affirm both sentences.
 
 I. Hernandez-Garcia's Appeal
 
 3
 Hernandez-Garcia challenges two aspects of the district court's determination of his role in the offense under U.S.S.G. § 3B1.2. First, relying on United States v. Demers, 13 F.3d 1381 (9th Cir.1994), he contends that the district court improperly considered that he had pled guilty to an offense less serious than the offense for which he was indicted. Hernandez-Garcia's argument appears to be that the district court improperly believed it lacked authority to grant a downward departure for mitigating role because Hernandez-Garcia benefited from his plea to simple possession with intent to distribute. The record does not suggest, however, that the district court believed it could not adjust Hernandez-Garcia's offense downward. In fact, the district court determined that Hernandez-Garcia was entitled to a two-level downward adjustment as a minor participant in the offense. The court heard argument by defense counsel regarding Hernandez-Garcia's entitlement to a four-level minimal participant adjustment and ruled that a two-level reduction was appropriate "even in light of [the] argument."
 
 
 4
 Second, Hernandez-Garcia contends that the district court erred in denying him a four-level downward adjustment as a minimal participant. The district court agreed with the recommendation of the presentencing report that Hernandez-Garcia's role in the offense was minor, entitling him to a two-level adjustment. We review this determination for clear error, see United States v. Ruelas, 106 F.3d 1416, 1419 (9th Cir.), cert. denied, 1997 WL 276136 (1997), and conclude that the district court's decision is supported by the record and is thus not clearly erroneous.
 
 
 5
 Hernandez-Garcia argues that his conduct must be measured against his codefendants' conduct. See United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992). However, Petti's comparative approach does not compel a district court to make an automatic four-level downward adjustment without any consideration of the defendant's conduct itself. Here, Hernandez-Garcia accompanied two men, at least one of whom had previously supplied heroin to him and whom he knew to be a heroin dealer from his prior errand work, to a motel to complete a drug transaction. The car in which Hernandez-Garcia traveled on that day contained scales and drug packaging materials. Hernandez-Garcia was himself in possession of 2.4 grams of heroin when arrested. A witness observed Hernandez-Garcia carrying the shopping bag containing the entire heroin shipment when the three men set out to meet the buyer for the exchange.
 
 
 6
 The Sentencing Guidelines commentary notes that one indicia of a minimal participant is a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2, comment. (n.1). Hernandez-Garcia's prior dealings with SantaCruz-Naranjo and Eduardo Chavez-Garcia, along with his personal possession and transport of drugs for the transaction, suggest that he was aware of the purpose of the meeting. In light of the evidence in the record, the district court did not clearly err in finding that Hernandez-Garcia was a minor participant entitled to a two-level downward adjustment, but not a minimal participant entitled to a four-level adjustment.
 
 II. SantaCruz-Naranjo's Appeal
 
 7
 SantaCruz-Naranjo appeals the district court's denial of a downward departure based on the intervention of law enforcement agents in bailing him out of jail so that he could complete a prearranged drug sale to a government undercover agent. A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. See United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994). If the district court "rests its decision not to depart on a determination that departure on a given ground is impermissible," however, we will review that determination de novo. See United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996).
 
 
 8
 This record does not suggest that the district court believed it lacked authority to depart downward. The court heard testimony from several witnesses, including SantaCruz-Naranjo himself, concerning the effect of the government's bail-out on SantaCruz-Naranjo's state of mind and his propensity to complete the drug transaction. The court also heard argument on the propriety of downward departure on these grounds and the existence of facts in support of such a departure in this case. No party argued or suggested to the court that it lacked authority to grant a downward departure. We have held that a district court's refusal to depart was discretionary where the court similarly entertained argument on the appropriateness of downward departure and concluded that departure was "not warranted." See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 9
 SantaCruz-Naranjo contends that the district court evinced its belief that it lacked authority to depart by stating, "But I think that falls short of entrapment and falls short of grounds for a downward departure." In light of the court's previous pronouncements assessing the sincerity and credibility of SantaCruz-Naranjo's claim, we cannot infer from this statement anything about the court's belief in its authority to depart. We have previously interpreted similar language as evidence that a court found no reason to depart, and not that it believed it lacked authority to do so. See United States v. Webster, 108 F.3d 1156, 1158 (9th Cir.1997). We conclude that the district court's refusal to depart was an exercise of its discretion that we may not review on appeal.
 
 
 10
 SantaCruz-Naranjo also contends that the district court failed to make findings required by Federal Rule of Criminal Procedure 32(c)(1) regarding relevant conduct attributable to him in setting his base offense level. We review de novo the sentencing judge's compliance with Rule 32, see United States v. Karterman, 60 F.3d 576, 583 (9th Cir.1995), and find no error.
 
 
 11
 The district court had before it the presentencing report, which included a recommendation on the relevant conduct to be used in calculating SantaCruz-Naranjo's offense level, SantaCruz-Naranjo's objections to that report, and the probation officer's addendum which responded to the objections and concluded that the evidence nevertheless supported inclusion of the August transactions in calculating relevant conduct. After entertaining argument by defense counsel on relevant conduct, the district court set the offense level at 29--a level that clearly included the August sales. In its written order, the court followed its pronouncement on the offense level with an express adoption of the presentencing report and its addendum. This chain of events and findings closely tracks circumstances in which we have held that the district court's adoption of the presentencing report satisfies Rule 32. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990); United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990). Accordingly, we find no Rule 32 violation in the district court's express adoption of the presentencing report and its addendum in this case.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3