**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Daniel E. BESLER, Defendant–Appellee.**

No. 96–1220.

United States Court of Appeals,
Seventh Circuit.

Argued May 28, 1996.

Decided June 21, 1996.

Barry Rand Elden, Chief of Appeals, Office of the U.S. Atty., Crim. Appellate Div., Chicago, IL, James T. Zuba (argued), Office of the U.S. Atty., Rockford, IL, for U.S.

Marc W. Martin (argued), Chicago, IL, Thomas M. Breen, Martin, Breen & Merrick, Chicago, IL, for Daniel E. Besler.

Before CUMMINGS, ESCHBACH and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

The Sentencing Guidelines afford defendants a downward departure for voluntarily disclosing their offense prior to its discovery. U.S.S.G. § 5K2.16. The Guidelines state in plain language that such a downward departure is only warranted where the offense was unlikely to have been discovered absent the defendant's disclosure. The district court in this case granted a downward departure but made inadequate findings regarding the likelihood of discovery, focusing instead on the defendant's subjective motivations for disclosing his offense. We therefore vacate and remand for resentencing.

Daniel Besler was a Vice President/Cashier at the State Bank of Woodstock ("Bank") in Woodstock, Illinois, from 1989 through October 1993. Besler supervised approximately fifteen tellers and four customer service employees and, as controller of the Bank, he also kept the books, balanced the general ledger, and prepared month-end reports. From December 26, 1992, through October 11, 1993, Besler misapplied approximately $281,851 in Bank funds for the benefit of a pet store and related Bank customers by making improper loans and advances. He concealed the improper advances by making false entries in various general ledger accounts. On October 11, 1993, after making his last false journal entries, Besler submitted a four-page letter of resignation to the Bank's president detailing his misapplication of Bank funds. He wrote that he could no longer live the life of lies and loneliness and that he was sorry. A subsequent audit confirmed the letter's details.

In September 1995, a one-count information was filed against Besler for wilful misapplication of Bank funds in violation of 18 U.S.C. § 656. He pled guilty pursuant to a written plea agreement and a sentencing hearing was set for December 1995. One day prior to the hearing, the district judge issued an order directing the parties to be prepared to discuss the applicability of U.S.S.G. § 5K2.16, which permits a downward departure for voluntary disclosure of the offense. The sentencing calculations provided by the Government at the hearing resulted in an offense level of 15 with a criminal history category of I and a sentence range of 18–24 months' imprisonment. At the hearing, Besler testified that he did not know an audit was soon to be conducted at the Bank and that he wrote the letter only for the reasons stated therein, not for fear of discovery. There was additional testimony from Besler and others regarding whether fear of discovery actually prompted his resignation and whether the improprieties would have been discovered absent the letter. The district judge departed downward four levels pursuant to Section 5K2.16, resulting in an offense level of 11 with a range of 8–14 months' imprisonment. Besler was sentenced to 9 months' imprisonment followed by 5 years of supervised release and was ordered to pay a $2,000 fine and restitution of $253,279.88.

■ Pursuant to 18 U.S.C. § 3742(b)(3), the Government appealed the district court's decision to grant a downward departure for voluntary disclosure. Section 5K2.16 provides as follows:

> If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a departure below the applicable guideline range for that offense may be warranted. For example, a downward departure under this section might be considered where a defendant, motivated by remorse, discloses an offense that otherwise would have remained undiscovered. This provision does not apply where the motivating factor is the defendant's knowledge that discovery of the offense is likely or im-

minent, or where the defendant's disclosure occurs in connection with the investigations or prosecution of the defendant for related conduct.

U.S.S.G. § 5K2.16. The Government argues that the district court failed to make a necessary finding that discovery of the offense would have been unlikely absent Besler's disclosure. Because the question presented involves the proper interpretation of Section 5K2.16, our review is nondeferential. *Koon v. United States*, — U.S. —, —, 116 S.Ct. 2035, 2047–48, 135 L.Ed.2d 392 (1996). Although we have labeled such review *de novo*, *United States v. Ritsema*, 31 F.3d 559, 564 (7th Cir.1994), the · Supreme Court recently commanded that courts of appeals apply a unitary abuse-of-discretion standard to sentencing departures, but noted that even under this apparently deferential standard, a "district court by definition abuses its discretion when it makes an error of law." *Koon*, — U.S. at —, 116 S.Ct. at 2047–48.

■ We agree with the Government that the plain language of Section 5K2.16 requires a district court to determine whether the offense was likely to have been discovered absent the defendant's disclosure. As the Ninth Circuit has recognized, the guideline sets forth two requirements for a downward departure: (1) the defendant voluntarily disclosed the existence of, and accepted responsibility for, the offense prior to discovery of the offense; and (2) the offense was unlikely to have been discovered otherwise. *United States v. Brownstein*, 79 F.3d 121, 123 (9th Cir.1996); see also *United States v. Adams*, 996 F.2d 75, 79 (5th Cir.1993) (stating in dicta that Section 5K2.16 applies where the offense would likely remain undiscovered). The two requirements are plainly stated in the first sentence of Section 5K2.16.

■ Besler responds that the second of these requirements—the only one at issue here—calls for the district court to make a subjective inquiry into the *defendant's* belief as to the likelihood of discovery, rather than an objective inquiry into the actual likelihood of discovery. In other words, Besler contends that the district court need only show

that he was motivated to disclose the offense by factors unrelated to possible discovery (for convenience, we shall refer to this as motivation by guilt), regardless of the likelihood of discovery. Because the first sentence of the guideline does not support such a reading, Besler turns to the last sentence, which states that "[t]his provision does not apply where the motivating ˙factor is the defendant's knowledge that discovery of the offense is likely or imminent. . . ." U.S.S.G. § 5K2.16. Based on this, Besler argues that the converse must be true: downward departure is appropriate where the motivating factor is *not* the defendant's knowledge that discovery is likely. At the very least, argues Besler, the last sentence demonstrates that the defendant's state of mind is relevant.

Upon closer examination, the last sentence does not insert ambiguity into the clear requirements of Section 5K2.16. Applying the first sentence without more, downward departure would be appropriate not only where the defendant is motivated by guilt and discovery is unlikely, but also where the defendant is motivated by fear of discovery and discovery is unlikely. For example, the first sentence without more would afford a downward departure to a defendant who hears sirens approaching, quickly confesses his crimes, and then realizes that the sirens were not for him and in fact his offenses would have remained likely undiscoverable. The final sentence of the guideline, by its plain language, makes clear that a downward departure in such a situation is not warranted. Taking the two sentences together then, a .downward departure is only warranted where the defendant is motivated by guilt and discovery is unlikely. Accord *Adams*, 996 F.2d at 79 (dicta). Thus the last sentence of Section 5K2.16 addresses a situation left open in the first sentence.

Besler also argues for a subjective test based on the Guidelines as a whole, which he contends focus on a defendant's culpability or state of mind in departing from the Guideline range. At least one other court has recognized that the various bases for a downward departure in the Guidelines, including Section 5K2.16, all closely relate to the defendant's culpability. See *United States v.*

*Newby,* 11 F.3d 1143, 1148 (3d Cir.1993), certiorari denied, —— U.S. ——, 114 S.Ct. 1841, 128 L.Ed.2d 468 (1994). Even if Besler's argument is an accurate description of the Guidelines' purpose, it could not overcome Section 5K2.16's plain language. At best, it reveals a possible anomaly in the application of Section 5K2.16. If the drafters intended to focus exclusively on the defendant's culpability, it would be anomalous to afford a downward departure to a defendant who is motivated by guilt where discovery is unlikely but not to a defendant who is motivated by guilt where discovery is likely. Quite possibly, though, the drafters of Section 5K2.16 intended to focus on both the defendant's state of mind and the benefit derived by the Government of receiving information otherwise undiscoverable. If such was the intent, the guideline does not produce anomalous results: a downward departure is only awarded where the defendant is motivated by guilt *and* the Government receives information it likely would not have acquired absent the disclosure. The plain language yields this result, and we thus need not inquire further into the drafters' intent.[1]

■ We next address the question whether the district court made adequate findings regarding the likelihood of discovery. To support a downward departure, a district court must make "particularized findings." United *States v. Sherman,* 53 F.3d 782, 786 (7th Cir.1995). Otherwise, an appellate court is unable to determine the "reasonableness" of the departure. *United States v. Carey,* 895 F.2d 318, 322 (7th Cir.1990). A transcript of the Fed.R.Crim.P. 32 proceedings indicates that the judge focused exclusively on Besler's subjective reasons for disclosure:

> I think you do look at the subjectiveness of it from the defendant's point of view as of the time he made the disclosure. Was the motivating factor his knowledge that discovery of an offense is likely or imminent.
> * * *
> I don't believe the facts show that discovery was imminent. Whether it was likely, I am sure that it could have been discovered or it could not have been discovered in the future. It probably would have been discovered at some point in time, but the important thing to me, in reading this and interpreting it, is what was his subjective motive in disclosing. (Tr. at 3).

The court concluded:

> I'm sure he always felt that he would be discovered at some point, but I think the motivating factor was that—for giving the information was that he couldn't live with it anymore * * * (Tr. at 4).

Besler points out that several statements in the transcript indicate that the district court believed discovery was unlikely. This is only true if the statements are read in isolation. A fair reading of the transcript shows that the court did not make particularized findings regarding the likelihood of discovery. We certainly express no opinion as to whether the evidence before the district court would support a finding that discovery was unlikely, nor whether the district court could without abusing its discretion base a downward departure on some other provision, but instead VACATE the sentence and REMAND for resentencing consistent with this opinion.

---

1. There is some evidence in the language of the statute that the drafters may not have contemplated the potential for anomalous results, though far too little evidence to change our conclusion. Again quoting from the last sentence: "This provision does not apply where the motivating factor is the defendant's *knowledge* that discovery" is likely. U.S.S.G. § 5K2.16 (emphasis added). One could argue that use of the word "knowledge" rather than "belief" in this sentence implies that the defendant's belief as to the likelihood of discovery must be objectively correct—that a downward departure is inappropriate only where discovery is likely. Assuming this interpretation is correct, the sentence would be superfluous: it would merely preclude downward departures where the defendant is motivated by fear of discovery and discovery is likely—a situation already addressed by the first sentence of the guideline. Replacing the word "knowledge" with "belief" would help clarify the drafter's intent.