**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Edward AERTS, Defendant–Appellant.**

**No. 96–3649.**

United States Court of Appeals, Seventh Circuit.

Argued May 23, 1997.

Decided July 28, 1997.

278

Helene B. Greenwald, Office of the United States Attorney, Criminal Division, Chicago, IL, Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, Virginia M. Kendall (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Mary M. Rowland (argued), Paul Flynn, Office of the Federal Defender Program, Chicago, IL, for Defendant–Appellant.

Before BAUER, CUDAHY, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Defendant-appellant Michael Edward Aerts voluntarily turned himself in to the police and confessed to committing two bank robberies. At sentencing, Aerts asked the court to depart downward under section 5K2.16 of the United States Sentencing Commission Guidelines, which provides for a reduction in a defendant's sentence "[i]f the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense...." United States Sentencing Commission, *Guidelines Manual*, § 5K2.16, p.s. (Nov.1995). The district court denied this departure, explaining that this provision requires disclosure of the offense, not merely the disclosure of the criminal who committed the offense, and that the bank robberies in the instant case were not the type of concealed crime covered by this guideline. Because we conclude that the district court correctly interpreted section 5K2.16, we affirm appellant's sentence.

I.

On April 27, 1996, after having lost his job due to alcoholism and having exhausted his unemployment benefits, Aerts robbed the LaSalle Bank on North Milwaukee Avenue in Chicago. Aerts, we are told, spent the $1,305.75 in proceeds on alcohol. One month later, homeless and destitute, he committed his second robbery, this time of the Irving Bank on Irving Park Road in Chicago. Divine intervention, according to Aerts, brought his crime spree to an end a week later. Finding himself in the neighborhood where he grew up, he decided to visit the parish church he attended as a boy. Aerts, overcome with guilt and a desire to reform himself, decided to turn himself in to the authorities. That evening, he approached a police officer and confessed to committing the robberies. He also presented the officer with a written demand note, which he had prepared in anticipation of robbing a third bank that very day.

Two separate Federal Bureau of Investigation ("FBI") investigations were underway at the time Aerts confessed to committing the robberies. A photo line-up had been con-

ducted of a suspect who the FBI believed had committed the robberies. While a witness to the first robbery, who had viewed the line-up, did not select the FBI's suspect, he did identify another individual from the line-up as the bank robber.

After pleading guilty to two counts of bank robbery under 18 U.S.C. § 2113(a), Aerts was sentenced to 37 months of incarceration. As part of the plea agreement, the government agreed to a two-point reduction under section 3E1.1(a) for acceptance of responsibility and an extra one-point reduction under section 3E1.1(b) for Aerts' timeliness in pleading guilty. Aerts also filed a motion prior to sentencing requesting that the court depart downward on two additional grounds: (1) under section 5K2.0, based on his extraordinary acceptance of responsibility,[1] as reflected by his unusual remorse and his post-arrest rehabilitative efforts; and, (2) under section 5K2.16, based on his voluntary disclosure of his commission of the offense to law enforcement authorities. Both requests were denied.

As for the departure for extraordinary acceptance of responsibility, the district court explained at sentencing that it would not grant this departure because Aerts did not come forward until after he committed two robberies. The court informed Aerts, "[I]f God had come to you earlier—you said He came to you and spoke to you and gave you the answer—had He come to you earlier, then at that point I believe that He would have been telling me that there should be a downward departure." Instead, the court selected a sentence at the lowest end of the guideline range. Aerts does not appeal this determination.

The district court also rejected Aerts' request for a departure under section 5K2.16. This guideline provides:

> If the defendant voluntarily discloses to the authorities the existence of, and accepts responsibility for, the offense prior to

the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a departure below the applicable guideline range for that offense may be warranted. For example, a downward departure under this section might be considered where a defendant, motivated by remorse, discloses an offense that otherwise would have remained undiscovered.

U.S.S.G. § 5K2.16, p.s. The district court ruled that this provision was inapplicable to Aerts' case because it applies to "the voluntary disclosure of the offense," not "the voluntary disclosure of the criminal who committed the offense." Aerts brings the instant appeal challenging this determination.

## II.

As an initial matter, we address the government's contention that the district court's refusal to depart downward under section 5K2.16 was an exercise of the court's discretion, rather than the result of the court's legal conclusion that section 5K2.16 is inapplicable to cases such as Aerts'. While legal interpretations of the Guidelines are subject to appellate review, discretionary refusals to depart from the Guidelines are not. *See United States v. Austin*, 54 F.3d 394, 403 (7th Cir.1995); *United States v. Poff*, 926 F.2d 588, 590 (7th Cir.1991) (*en banc*). This question is easily resolved by a review of the transcript of Aerts' sentencing proceeding.

At sentencing, Aerts requested that the court depart under section 5K2.0 based on his extraordinary acceptance of responsibility and under section 5K2.16 due to his voluntary disclosure of his role in the robberies. While the court viewed the former as a matter within its discretion, it clearly rejected the latter as a matter of law. The court began by informing counsel that there was no need to address the voluntary disclosure issue because the court had already decided to reject that argument. The judge stated:

---

1. Section 5K2.0 provides, in pertinent part:
   Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a

   degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."
   U.S.S.G. § 5K2.0, p.s.

I believe that in a bank robbery situation it's publicly known that there was a crime committed, and I don't believe, and perhaps the defense can argue this point on appeal if you desire, but *I don't believe that the nature of the crime would allow itself to fall within the category for a downward departure.* That downward departure requires disclosure of the offense.

(emphasis added). The judge made clear that his decision was based on his belief that public crimes are not the type of offenses covered by section 5K2.16; the court therefore encouraged counsel to move on to the issue of extraordinary acceptance of responsibility.[2]

■ It is also evident from the subsequent discussion between the sentencing judge and defense counsel that the parties understood the court's refusal to be based on its legal interpretation of the Guidelines. Defense counsel proceeded to argue that even "if we accept the Court's determination that this type of thing *can never be voluntary disclosure because of the type of offense it is*," that a further departure was nevertheless warranted under section 5K2.0. (emphasis added). At that point, the court responded by once again clarifying that the "reason [it] rejected the voluntary disclosure of the offense factor . . . under 5K2.16 is because it requires the voluntary disclosure of the offense, and . . . not the voluntary disclosure of the criminal who committed the offense," and agreed that, because Aerts' situation is not covered by section 5K2.16, a departure under section 5K2.0 was a possibility. It is clear from this discussion that the sentencing judge's refusal to depart downward was based on its legal interpretation of the Guidelines. Our review of this legal determination is therefore nondeferential. *See United States v. Besler*, 86 F.3d 745, 747 (7th Cir. 1996).

### III.

■ We turn then to the question of whether a downward departure is permissible under section 5K2.16 when a defendant voluntarily discloses his role in a known offense. As Aerts concedes, section 5K2.16, by its plain terms, authorizes a departure for the voluntary disclosure of undiscovered "offenses," not offenders. Relying on the plain meaning of the provision, the Ninth Circuit, the only court of appeals to have considered this issue, has held that this section does not apply "to individuals who simply confess their involvement in a crime already known to the authorities." *See Brownstein*, 79 F.3d at 123. As Aerts recognizes, the plain meaning of a statute is ordinarily controlling. Only when adherence to the text of a statute would lead to absurd results or clearly be inconsistent with the drafters' intentions is departure from the plain meaning of the statute justified. *See United States v. Ritsema*, 31 F.3d 559, 566–67 (7th Cir.1994) (holding that literal interpretation of section 1B1.3 "would lead to untenable results, and twist in an unintended way the guidelines' attempt to introduce real-offense principles through the Relevant Conduct provision"). Aerts maintains his is such a case.

According to Aerts, the district court's adherence to the plain meaning of this provision leads to a result that is contrary to several policies underlying the Guidelines. First, he argues that defendants who conceal their crimes are more criminally culpable and that these defendants, because they are eligible for this departure, are rewarded for their deceit. Second, he maintains that the result reached by the district court is contrary to the principle that acceptance of responsibility and the conservation of government resources should be rewarded; unlike in the case of concealed crimes, resources are expended to investigate known crimes. We find neither of these arguments to be so

2. Our conclusion that the district court's refusal to depart downward was based on a legal conclusion is further supported by the district court's statement that defendant could challenge the court's determination on appeal if he desired. *See United States v. Brownstein*, 79 F.3d 121, 122 (9th Cir.1996) (holding that court's decision that defendant did not qualify for departure under 5K2.16 was legal conclusion and stating that this "conclusion [was] further buttressed by the fact that the district court specifically told [appellant] that he could appeal the court's decision regarding section 5K2.16").

compelling as to justify a departure from the plain meaning of section 5K2.16.

As for Aerts' argument that the district court's interpretation of section 5K2.16 rewards criminally culpable defendants, we recognized in *United States v. Besler* that a defendant's culpability is not the sole focus of section 5K2.16. *See* 86 F.3d at 748. The defendant in *Besler* argued that it "would be anomalous to afford a downward departure to a defendant who is motivated by guilt where discovery is unlikely but not to a defendant who is motivated by guilt where discovery is likely." *Id.* Our discussion of this alleged inconsistency is instructive in the instant case as well. We explained that

> [i]f the drafters intended to focus exclusively on the defendant's culpability, [this result] would be anomalous.... Quite possibly, though, the drafters of Section 5K2.16 intended to focus on both the defendant's state of mind and the benefit derived by the Government of receiving information otherwise undiscoverable. If such was the intent, the guideline does not produce anomalous results: a downward departure is only awarded where the defendant is motivated by guilt and the Government receives information it likely would not have absent disclosure. The plain language yields this result, and we thus need not inquire further into the drafters' intent.

*Id.* Rewarding defendants who confess to crimes that are unlikely to have been discovered otherwise is consistent with the multiple policy concerns underlying this provision. We see nothing anomalous in this result.

For the same reason, Aerts' attempt to focus solely on the Guidelines' policies of conserving judicial resources and rewarding defendants who accept responsibility for their crimes is equally unavailing. While these are both ends that the Guidelines seek to encourage, they are not the only policy concerns underlying section 5K2.16. Appellant's argument ignores that an additional, perhaps primary, goal served by this guideline is that of alerting the authorities to offenses that are unlikely to be discovered otherwise.

Were there not other guidelines with a more explicit focus on a defendant's acceptance of responsibility, Aerts' arguments might have some force. However, as the instant case illustrates, this is not the case. In addition to receiving a three-level departure for acceptance of responsibility and timeliness in pleading guilty, the court considered a further departure for extraordinary acceptance of responsibility under section 5K2.0, which permits a district court to depart downward where there is a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0, p.s. Although the court ultimately did not find Aerts deserving of a further departure, it did take into account the unique circumstances of his case and awarded a sentence at the lowest end of the guideline range. The district court's adherence to the plain meaning of section 5K2.16 neither leads to untenable results nor is it clearly inconsistent with the drafters' intentions. We therefore AFFIRM the sentence imposed by the district court.