In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1862

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN F. LOVAAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99-CR-107--Barbara B. Crabb, Judge.

Argued January 10, 2001--Decided March 1, 2001

Before RIPPLE, KANNE and WILLIAMS, Circuit Judges.

RIPPLE, Circuit Judge.  John Lovaas pleaded guilty to two counts of transporting and possessing material that depicted minors engaged in sexually explicit conduct. The district court sentenced Mr. Lovaas to 87 months' imprisonment; Mr. Lovaas now seeks review of that sentence. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

I
BACKGROUND

Beginning in September 1999, an individual using the name "riverboy 77" exchanged e-mail messages and attachments (from his home computer in Wisconsin) with "rory14," a New Hampshire law enforcement agent posing as a 14-year-old boy. The first message, sent on September 4, 1999, stated, "nice pic of yourself. Got any of you in your undies? sure like to see you." Riverboy 77 continued to communicate with rory14 and sent him an image of his face and four other pictures of himself. On September 17, 24, and 27, 1999, riverboy 77 sent rory14 a number of images depicting young boys displaying their genitals or engaging in oral sex. Riverboy 77 also mailed rory14 a pair of underwear and requested that rory14 send a pair to a post office box in Beloit, Wisconsin.

The agent determined that the post office box was rented by Mr. Lovaas and forwarded this information to the Beloit Police Department. The police contacted Mr. Lovaas' wife at work and, after showing her the photograph of her husband and advising her of the investigation, received permission to search her home.

Mr. Lovaas arrived home during the search and told the officers where he hid his collection of child pornography. The officers seized several computer disks and videotapes. In total, Mr. Lovaas was found to possess approximately 1,800 images of minors engaging in sexually explicit activity.

After placing Mr. Lovaas under arrest and advising him of his rights, the police asked Mr. Lovaas whether he ever had engaged in sexual activity with juvenile males. Mr. Lovaas admitted that he had engaged in sexual contact in the past and gave the detectives the names of two boys. He then refused to answer more questions. One of the boys was contacted, and he confirmed that Mr. Lovaas had abused him 26 years earlier when the boy was 14 or 15. The individual identified two other boys that Mr. Lovaas likely had abused.

Mr. Lovaas was indicted on one count of enticing a minor to engage in a prohibited sexual act, 18 U.S.C. sec. 2422(b); one count of transmitting material depicting minors engaged in sexually explicit activity, 18 U.S.C. sec. 2252(a)(1); and one count of possessing materials containing such depictions, 18 U.S.C. sec. 2252(a)(4)(B). Mr. Lovaas pleaded guilty to the latter two counts. The district court accepted the plea and ordered the preparation of a presentence report, which recommended, pursuant to the United States Sentencing Guidelines ("Guidelines"), that the court increase Mr. Lovaas' offense level by five to reflect a "pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. sec. 2G2.2(b)(4).

Mr. Lovaas filed a motion for a downward departure from the Guidelines. He submitted that he should receive the departure under U.S.S.G. sec.sec. 5K2.16 and 5K2.0 for his voluntary disclosure of his past instances of sexual abuse. He also contended that the five-level increase for past sexual abuse was inconsistent with the concept of "relevant conduct" utilized in the Guidelines.

The district court, following the recommendation of the probation department, applied the five-level increase provided in U.S.S.G. sec. 2G2.2(b)(4). Although the "two or more separate instances of sexual abuse did not occur during

the offense or its relevant conduct," the court explained, "Application Note 1 makes it clear the upward adjustment was intended to be applied in cases such as defendant's." R.17 at 7.

The district court did not grant Mr. Lovaas the downward departure under U.S.S.G. sec. 5K2.16; it was not "persuaded that defendant's disclosure of previous criminal conduct was not motivated by his belief that the conduct would be discovered inevitably in the course of the investigation." Id. The court similarly refused to depart downward under U.S.S.G. sec. 5K2.0, finding that the "factors cited by defendant are not extraordinary enough to take his case outside the heartland of cases envisioned by the Sentencing Commission in formulating the guidelines." Id.

II
DISCUSSION

Mr. Lovaas contends that the district court erred in calculating his sentence. Specifically, he contests the court's decision to (1) deny him a downward departure for voluntarily disclosing crimes that the Government might not otherwise have discovered and (2) increase his offense level by five to account for a pattern of activity of sexual abuse./1 We shall address each in turn.

A.   Downward Departure

Because he informed authorities of prior sexual contact with juveniles, Mr. Lovaas argues that he should have received a downward departure pursuant to U.S.S.G. sec. 5K2.16. Under that section, if a defendant voluntarily discloses crimes that the government might not otherwise have discovered, he may be eligible for a reduction in offense level.

We have no jurisdiction to review a district court's discretionary refusal to grant a downward departure. See United States v. Aerts, 121 F.3d 277, 279 (7th Cir. 1997); United States v. Cureton, 89 F.3d 469, 474 (7th Cir. 1996). We can, however, review a district court's determination that it lacked the legal authority to depart. See Cureton, 89 F.3d at 474./2  To paraphrase now-Chief Judge Flaum's construct in Aerts, we can review the district court's legal determination as to whether U.S.S.G. sec. 5K2.16 applies to cases such as Mr. Lovaas'. See Aerts, 121 F.3d at 279.

Here, the district court determined that the disclosure made by the defendant was not the kind contemplated by the Sentencing Commission when it promulgated U.S.S.G. sec. 5K2.16. In United

States v. Belser, 86 F.3d 745 (7th Cir. 1996), we held that a departure under U.S.S.G. sec. 5K2.16 is warranted only when (1) the defendant voluntarily disclosed the existence of, and accepted responsibility for, the offense prior to its discovery; and (2) the offense was unlikely to have been discovered otherwise. See id. at 747. The second prong applies when a "defendant is motivated by guilt and discovery is unlikely." Id. Indeed, the plain wording of the guideline so provides./3 The district court concluded that it was not "persuaded that defendant's disclosure of previous criminal conduct was not motivated by his belief that the conduct would be discovered inevitably in the course of the investigation." R.17 at 7. As the plain wording of the guideline and our holding in Belser make clear, a departure under such circumstances would not be compatible with the text or purpose of the guideline. Therefore, the district court was correct in its legal determination that U.S.S.G. sec. 5K2.16 could not serve as the basis of departure.

We note, moreover, that, as a matter of law, the record contained sufficient evidence to permit the district court to reach the determination that it did. Although Mr. Lovaas argued that his confession was motivated by guilt, the district court found to the contrary. Mr. Lovaas confessed once the police were searching his home and asking him whether he ever had sexually assaulted juvenile males.

In sum, the district court was correct in its reading of the guideline and, since its determination is supported by the record, we cannot disturb its finding.

B. Five-Level Increase Based on a Pattern of Activity  Involving the Sexual Abuse or Exploitation of a Minor

Mr. Lovaas also submits that the court should not have applied U.S.S.G. sec. 2G2.2(b)(4), which permits a five-level increase in offense level to account for a "pattern of activity involving the sexual abuse or exploitation of a minor." He argues that the decades-old instances of sexual misconduct upon which the district court relied are not relevant conduct for the two counts of conviction.

When construing the Guidelines, "we look first to the plain language, and where that is unambiguous we need look no further." United States v. Andreas, 216 F.3d 645, 676 (7th Cir.), cert. denied, 69 U.S.L.W. 3297 (U.S. Nov. 27, 2000) (No. 00-654). This principle must govern our decision here. In general, the Guidelines permit courts to consider, "[u]nless otherwise

specified," relevant conduct in determining applicable guideline levels. U.S.S.G. sec. 1B1.3(a)./4 Relevant conduct is tied to the underlying offense and includes all acts committed during the commission, preparation, or concealment of that offense. See U.S.S.G. sec. 1B1.3(a)(1).

The phrase "unless otherwise specified," however, permits courts to consider additional conduct when other provisions of the Guidelines set forth more specific rules. One of these more specific rules is U.S.S.G. sec. 2G2.2, which mandates a five-level increase for a pattern of sexual activity. The commentary to U.S.S.G. sec. 2G2.2 makes clear that, in determining whether a pattern of activity involving the sexual abuse or exploitation of a minor is present, a court must consider conduct that would not be considered relevant conduct in other circumstances. Specifically, the application note defines "pattern of activity" as encompassing two or more "separate instances of the sexual abuse or sexual exploitation of a minor . . . whether or not the abuse or exploitation (A) occurred during the course of the offense, (B) involved the same or different victims, or (C) resulted in a conviction for such conduct." U.S.S.G. sec. 2G2.2, cmt. n.1. Indeed, the Sentencing Commission itself has explained that "the conduct considered for purposes of the 'pattern of activity' enhancement is broader than the scope of relevant conduct typically considered under sec. 1B1.3." U.S. Sentencing Commission Guidelines Manual, App. C at 373./5 We give this determination deference. See Stinson v. United States, 508 U.S. 36, 44-45 (1993) (noting the broad deference given to Sentencing Commission interpretations of the Guidelines).

Mr. Lovaas, although acknowledging that a sentencing court may consider unrelated instances of sexual abuse, maintains that such consideration should be part of the criminal history calculation and not the offense level. We believe, however, that the Sentencing Commission acted well within its authority in promulgating the commentary to U.S.S.G. sec. 2G2.2 that we examined earlier. Thus, we must give considerable deference to its decision. See Stinson, 508 U.S. at 44-45.

Conclusion

The district court committed no legal error in determining Mr. Lovaas' sentence. Accordingly, the judgment of the district court is affirmed.

AFFIRMED

/1 Mr. Lovaas does not contest on appeal the district court's refusal to grant him a downward departure under U.S.S.G. sec. 5K2.0.

/2 This authority is based upon the limited jurisdictional grant of 18 U.S.C. sec. 3742(a), which permits us to review sentences in only four circumstances: where the sentence (1) is in violation of the law; (2) is the result of an incorrect application of the Guidelines; (3) exceeds the sentence specified in the Guidelines; or (4) is for an offense for which there is no guideline, and the sentence is plainly unreasonable.

/3 U.S.S.G. sec. 5K2.16 indicates:

If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a departure below the applicable guideline range for that offense may be warranted. For example, a downward departure under this section might be considered where a defendant, motivated by remorse, discloses an offense that otherwise would have remained undiscovered. This provision does not apply where the motivating factor is the defendant's knowledge that discovery of the offense is likely or imminent, or where the defendant's disclosure occurs in connection with the investigation or prosecution of the defendant for related conduct.

/4 U.S.S.G. sec. 1B1.3 provides, in pertinent part:

Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

(1) (A)  all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the
offense of conviction, in preparation for that
offense, or in the course of attempting to avoid
detection or responsibility for that offense;

(2)   solely with respect to offenses of
a character for which sec. 3D1.2(d) would require
grouping of multiple counts, all acts and
omissions described in subdivisions (1)(A) and
(1)(B) above that were part of the same course of
conduct or common scheme or plan as the offense
of conviction;

(3)   all harm that resulted from the
acts and omissions specified in subsections
(a)(1) and (a)(2) above, and all harm that was
the object of such acts and omissions; and

(4)   any other information specified in
the applicable guideline.

/5 The amendment to U.S.S.G. sec. 2G2.2 responded in
part to United States v. Chapman, 60 F.3d 894,
901 (1st Cir. 1995), which had held that the
"pattern of activity" enhancement was
inapplicable to past sexual abuse or exploitation
unrelated to the offense of conviction. The
Sentencing Commission explained that the
revision:

clarifies that the "pattern of activity" may
include acts of sexual abuse or exploitation that
were not committed during the course of the
offense or that did not result in a conviction.
This revision responds in part to the holding in
Chapman . . . . The amended language expressly
provides that such conduct may be considered.

U.S. Sentencing Commission Guidelines Manual,
App. C at 373.