**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Deshawn ELLIOTT, Defendant–
Appellant.**

**No. 02–1457.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 2002.

Decided Aug. 20, 2002.

Before BAUER, KANNE, EVANS,
Circuit Judges.

ORDER

DeShawn Elliott pleaded guilty to possession of nine ounces of cocaine, 21 U.S.C. § 844, and was sentenced to 10 months' imprisonment. Elliott filed a timely notice of appeal, but his attorney has moved to withdraw because he is unable to identify a nonfrivolous ground for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and because Elliott did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), we limit our review of the record to the potential issues addressed by counsel, *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

At the time of his cocaine violation, Elliott was serving probation on an unrelated state offense. Shortly after his arrest, however, the state revoked his probation, and Elliott began serving the resulting state-imposed sentence. According to Elliott, the issuance of a federal detainer on the cocaine violation prolonged his detention because it rendered him ineligible to participate in the state's work release program.

Counsel now considers whether Elliott could argue that the district court should have reduced his federal sentence, pursuant to 18 U.S.C. § 3585(b), to credit him with the time he spent in state detention. But Elliott's days in state custody were credited against the unrelated state sentence, and § 3585(b) expressly excludes such time from also being counted towards his federal sentence. *See United States v. Ross,* 219 F.3d 592, 594 (7th Cir.2000). Moreover, because Elliott waived this argument at his sentencing hearing by conceding that his federal sentence should not run concurrent to his state-imposed term, *see* U.S.S.G. § 5G1.3, comment. (n.6), such a claim would be frivolous.

Counsel next considers whether Elliott could challenge the district court's decision

to deny his motion for downward departure under U.S.S.G § 5K2.0, and correctly concludes that such an argument would also be frivolous. Generally we lack jurisdiction to review a district court's decision to deny a discretionary sentence departure. *See United States v. Lovaas*, 241 F.3d 900, 902 (7th Cir.2001). Only if the district court refuses to depart downward because it concludes that it lacks the legal authority may we review its decision. *See United States v. Zaragoza*, 117 F.3d 342, 345 (7th Cir.1997). Here the district explained that it had the authority to depart but exercised its discretion and declined to do so. Accordingly we GRANT counsel's motion to withdraw and DISMISS the appeal.