**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Iván CARRETO–VASQUEZ,**
**Defendant–Appellant.**

No. 02–1434.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 11, 2002.

Decided Sept. 12, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

Iván Carreto–Vasquez pleaded guilty to being present in the United States without the permission of the Attorney General in violation of 8 U.S.C. § 1326(a), (b)(2), and was sentenced to 54 months' imprisonment, three years' supervised release, and a $100 special assessment. Carreto–Vasquez's counsel filed a notice of appeal, but because he could not discern a non-frivolous issue for appeal he now moves to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although Carreto–Vasquez filed a response to his counsel's motion, *see* Cir. R. 51(b), he identifies no potential issues for appeal but simply asks that we appoint new counsel. We therefore confine our review to counsel's facially adequate brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we conclude that the potential issues raised by counsel are frivolous, we grant counsel's motion and dismiss the appeal.

Counsel first considers whether Carreto–Vasquez could appeal the district court's decision at sentencing to deny his motion for a downward departure. In that motion, Carreto–Vasquez argued that his criminal history was not as serious as that reflected by his criminal-history calculation (category VI) because many of his previous convictions were for non-serious crimes. The district judge disagreed and concluded that the categorization adequately reflected the seriousness of Carreto–Vasquez's criminal history, and he therefore declined to depart downward from the guideline range. Because the district judge was aware that he could depart downward but chose not to after finding that Carreto–Vasquez "has a substantial criminal history," we lack jurisdiction to review this discretionary decision. *See United States v. Lovaas,* 241 F.3d 900, 902 (7th Cir.2001); *United States v. Zara-*

*goza,* 117 F.3d 342, 345–46 (7th Cir.1997). Therefore, we agree that the issue would be frivolous on appeal.

Counsel next considers whether Carreto–Vasquez could argue on appeal that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because Carreto–Vasquez's 54–month sentence was within the 20–year statutory maximum under 8 U.S.C. § 1326, he would have no claim under *Apprendi, see United States v. Knox,* 287 F.3d 667, 669 (7th Cir.2002), and an appeal on this issue would be frivolous.

Counsel finally considers whether Carreto–Vasquez could argue that he received ineffective assistance of counsel. Claims for ineffective assistance of counsel, however, are generally not appropriate on direct appeal, and are more appropriately raised in a collateral attack, because the record often is insufficient at this stage for a complete review. *See United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. Carreto–Vasquez's request for appointment of new counsel is DENIED.