UNITED STATES of America,
Plaintiff–Appellee,

v.

Virgil PARK, Defendant–Appellant.

No. 02–2643.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.

Decided Nov. 22, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

### ORDER

Virgil Park pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), one count of armed bank robbery, *id.* § 2113(d), and one count of carrying a firearm during and in relation to a crime of violence, *id.* § 924(c)(1)(A). Prior to sentencing Park moved for a downward departure for "extraordinary acceptance of responsibility," *see* U.S.S.G. § 5K2.0; *United States v. Aerts,* 121 F.3d 277, 279 (7th Cir.1997), but the district court denied his request and sentenced him to a total of 183 months' imprisonment and three years' supervised release. The court also imposed $16,719 in restitution and $300 in special assessments. His appointed attorney filed a notice of appeal but now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a non-frivolous issue for appeal. Park responded to counsel's motion under Circuit Rule

51(b). Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in counsel's brief and in Park's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that the potential issues are frivolous and therefore grant counsel's motion to withdraw and dismiss Park's appeal.

In December 2001 Park confessed his involvement in one of the bank robberies to his mother-in-law, who relayed the information to the FBI. Upon learning of her tip, Park then called the FBI and admitted to the crimes. After the FBI agent told him that the best thing for him to do would be to surrender, Park turned himself in, confessed, consented to a search of his home and vehicle, and told agents where to find the weapon he used in the robberies.

■ First, counsel considers whether Park can challenge his bank robbery or § 924(g) convictions by arguing that his weapon was incapable of being fired. But an appeal on that issue would be frivolous– Park pleaded guilty to the crimes, and therefore admitted to "all of the factual and legal elements necessary to sustain a binding, final conviction of guilt and a lawful sentence." *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Nave,* 302 F.3d 719, 721 (7th Cir.2002). Unless Park were seeking to withdraw his plea, and counsel makes no suggestion that he is, an appeal challenging whether he committed the charged crimes would be frivolous. Further, this issue appears even more frivolous in light of case law holding that whether a weapon is capable of being fired is immaterial for purposes of both 18 U.S.C. § 2113(d), *McLaughlin v. United States,* 476 U.S. 16, 17, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986), and § 924(c), *United States v. Buggs,* 904 F.2d 1070, 1075 (7th Cir.1990).

■ Counsel and Park both consider whether Park can challenge his convictions on the ground that Park's confession was rendered involuntary by the FBI agent's suggestion that he turn himself in. Because guilty pleas waive all nonjurisdictional defects, *see United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir. 2001), we agree with counsel that an appeal on this ground would be frivolous.

■ Counsel finally considers whether the district court erred in refusing to grant a downward departure for extraordinary acceptance of responsibility under § 5K2.0 He correctly notes that a court's decision to deny a downward departure is not subject to review unless it appears that the court misunderstood or misapplied the law. *See United States v. Johnson,* 289 F.3d 1034, 1043 (7th Cir.2002). We agree with counsel that any such challenge would be frivolous–the court recognized its discretion to grant a departure but refused to do so.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.