UNITED STATES of America,
Plaintiff,

v.

Alexander RIVERA, Defendant.

No. 02 CR. 0714.

United States District Court,
S.D. New York.

May 09, 2003.

Roland Thau, Fed. Defender Services Unit Legal Aid society, New York City, for defendant.

W.S. Wilson Leung, U.S. Atty. Criminal Unit, New York City, for U.S.

### DECISION AND ORDER

MARRERO, District Judge.

Defendant Alexander Rivera ("Rivera") entered a plea of guilty before this Court on eight counts of a superseding information, No. S1 02 Cr. 0714, charging him with bank robbery in violation of 18 U.S.C. § 2113(A). Rivera seeks a downward departure from the applicable sentencing guidelines range in this case on three grounds: pre- and post-arrest rehabilitation, voluntary disclosure and the adequacy of his criminal history score. For the reasons set forth on the record of Rivera's sentencing hearing on May 9, 2003 Rivera's motion is GRANTED in part.

The Clerk of Court is directed to enter this Decision and Order in the Court's docket of this case.

**SO ORDERED.**

### Attachment

### Statement By the Court at the Sentencing Hearing on May 9, 2003 Concerning Defendant's Motion for a Downward Departure from the Sentencing Guidelines Range

Defendant Alexander Rivera seeks a downward departure from the applicable sentencing guidelines range in this case on three grounds: pre- and post-arrest rehabilitation, voluntary disclosure, and the adequacy of his criminal history score. A court must evaluate such motions to determine whether there are factors that potentially bring a case outside the "heartland" of cases contemplated by the United States Sentencing Guidelines. *See Koon v. United States*, 518 U.S. 81, 95–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

■ The Court is not persuaded that a departure is warranted based on the alleged inadequacy of Mr. Rivera's criminal history score. Mr. Rivera argues that because the predicate crimes qualifying him for career offender status—both being robberies—occurred some ten years ago and within three months of each other, career offender status overstates the seriousness of his criminal history. The Court disagrees for two reasons. First, Mr. Rivera's criminal background, either as reflected in the presentence investigation report or in the government's letter to the Court dated April 23, 2003, includes, among other things, a prior attempted assault and a conviction for assault as recent-

ly as September 15, 2000. Additionally, a departure on this basis appears to the Court to be inconsistent with the policy statement to § 4A1.3, providing as an example of an appropriate circumstance in which to depart on this basis the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. Here, in addition to the subsequent assault in 2000, Mr. Rivera has been convicted of narcotics possession offenses and petit larceny during this intervening period as well. For these reasons, Mr. Rivera's motion for downward departure based on an inadequate criminal history score pursuant to § 4A1.3 is denied.

■ Mr. Rivera also seeks a departure pursuant to § 5K2.16 for voluntary disclosure of his offense. The Government in its submissions to the Court does not dispute that Mr. Rivera's disclosure of the November 5, 2001 robbery of Banco Popular on Second Avenue in Manhattan and the November 24, 2001 robbery of Banco Popular on East 116th Street in Manhattan as bases for downward departure pursuant to § 5K2.16. The Government does dispute the availability of a departure based on voluntary disclosure as regards the remaining six bank robberies because, according to the Government, "Rivera has failed to establish that, by the time he advised the Government of his additional crimes, he did not know that discovery of these offenses were likely or imminent." (Letter from Assistant United States Attorney Wilson Leung dated April 23, 2003, at 4.)

Sometime after November 24, 2001 and prior to March 27, 2002, Mr. Rivera left New York for Puerto Rico, where it appears that he voluntarily enrolled in a drug treatment program. (*See* Complaint dated March 27, 2003, ¶ 8; Presentence Investi-gation Report dated April 3, 2003, ¶¶ 17, 135; Letter from Defense Attorney John Byrnes dated April 22, 2003, at 2.) There, he disclosed to a drug counselor two of the bank robberies to which he pleaded guilty, and the counselor's guidance convinced him to admit these offenses to the authorities. On March 27, 2002, he disclosed the two robberies to the FBI and was arrested that same day. An indictment against Mr. Rivera was then filed on May 30, 2002 and charged *only* these two robberies.

Following his arrest and indictment, Mr. Rivera revealed the additional six robberies to his attorney, whose guidance convinced Mr. Rivera to disclose these additional offenses to the authorities, again presumably knowing that the confession would in all probability result in additional criminal charges and enhanced penalties. Thereafter, on September 19, 2002, a superceding information was filed in this matter charging Mr. Rivera with all eight robberies.

The only meaningful difference in the surrounding circumstances between the initial disclosure and the subsequent one is the fact of Mr. Rivera's arrest. By the time of that arrest, some four months had elapsed since the robberies had occurred, and by the time the superceding information was filed, some ten months had passed. The Government has offered no evidence, and the Court is aware of none, indicating either that the Government's investigation had progressed during this intervening time to the point where the Government was about to charge Mr. Rivera for these additional robberies or that Mr. Rivera knew that the filing of any such charges was imminent. In fact, Mr. Rivera's attorney represents that Mr. Rivera had no such knowledge. (Letter to the Court dated April 22, 2003 from John Byrnes at 2.)

Section 5K2.16, however, by its plain language, requires disclosure *prior to discovery* of the offense. *See United States v. Roberts*, 313 F.3d 1050, 1055 (8th Cir. 2002); *United States v. Aerts*, 121 F.3d 277, 280 (7th Cir.1997); *United States v. Brownstein*, 79 F.3d 121, 123 (9th Cir. 1996). In the context of the crime of bank robbery, which is—to borrow the language of the Seventh Circuit Court of Appeals in *Aerts*, 121 F.3d at 280—the sort of "public crime" the commission of which is "publically known" essentially in due course, rigid application of this requirement categorically forecloses departure on this ground in the context of any bank robbery charge. The Court finds this result draconian and inconsistent with the principles underlying downward departures as envisioned and provided for by the Sentencing Commission.

This Court is persuaded by the reasoning of the Tenth Circuit in *United States v. Jones*, 158 F.3d 492, 502 (10th Cir.1998), which, in a largely analogous context concluded: "While not falling squarely within the departure provision [of § 5K2.16], we cannot conclude the inevitable discovery of [the defendant's] offense somehow transforms his nonetheless voluntary disclosure into an impermissible basis for departure. Moreover, there is nothing in the record to indicate [the defendant] was aware the Federal Bureau of Investigation had received a lead...." *Id.* Indeed, by not disputing the application of § 5K2.16 to the November 5, 2001 robbery of Banco Popular on Second Avenue in Manhattan and the November 24, 2001 robbery of Banco Popular on East 116th Street in Manhattan, the Government implicitly, it appears, recognizes the logic behind this reasoning. For these reasons, the Court concludes that a downward departure is warranted by these circumstances for voluntary disclosure of the offense pursuant

to § 5K2.16 as to each crime to which Mr. Rivera has pleaded guilty.

■ Even if a departure were not permissible solely pursuant to § 5K2.16, the Court further concludes that the circumstances surrounding Mr. Rivera's disclosures taken together with the pre-arrest and post-arrest rehabilitation efforts on the record combine to present additional grounds to depart. *See United States v. Workman*, 80 F.3d 688, 701–702 (2d Cir. 1996) (pre-arrest rehabilitation efforts can serve as a basis for departure); *United States v. Maier*, 975 F.2d 944, 947 (2d Cir.1992) (post-arrest rehabilitation—in this case, drug treatment—can serve as a basis for departure). Indeed, the circumstances of Mr. Rivera's disclosures are inextricably connected with his rehabilitation efforts. The record indicates that following his crimes, Mr. Rivera left New York for Puerto Rico, where he enrolled in a drug treatment center. The fact that he disclosed two of his robberies to a drug counselor indicates that his motives and attitude in this vein were genuine. This conclusion is underscored by his willingness, following the advice of his counselor, to disclose these activities to the authorities as well, a decision that he surely knew would result in criminal proceedings of some sort, particularly in light of the absence of any indication that Mr. Rivera had reason to believe he was a suspect in these crimes. While Mr. Rivera did not disclose the other six robberies at that particular time, the Court will not ignore his pre-arrest rehabilitation efforts and activities simply because he could have made a fuller confession.

Furthermore, in this vein, shortly after his arrest, Mr. Rivera did reveal the remaining six robberies and accepted the

attendant consequences, and, again, there is no evidence that either the Government was about to charge him with these additional robberies or that Mr. Rivera knew that any such additional charges were forthcoming. Additionally, following his arrest, during his detention pretrial, Mr. Rivera completed a 1000–hour vocational training course to be an electrical mechanic. While this accomplishment itself is insufficient to take Mr. Rivera's rehabilitation efforts outside the heartland of these kinds of efforts, it is evidence of his continuing seriousness to rehabilitate. In this vein, the Court is persuaded that the voluntary disclosure of eight bank robberies, where there is no indication that Mr. Rivera knew he would have been arrested for these crimes otherwise, coupled with his contemporaneous enrollment in drug treatment and the subsequent vocational training he completed during his detention, combine to present extraordinary grounds, outside the heartland of such cases, to depart pursuant to § 5K2.0 both independently on the basis of extraordinary rehabilitation, and in combination with the circumstances of Mr. Rivera's voluntary disclosure. *See United States v. Cordoba Murgas,* 233 F.3d 704, 709, (2d Cir.2000); *United States v. Broderson,* 67 F.3d 452, 458–59 (2d Cir.1995).