NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 28, 2006
Decided January 10, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 06-2751 | Appeal from the United States District Court for the Southern District of Illinois |
| UNITED STATES OF AMERICA, | |
| *Plaintiff-Appellee,* | No. 05 CR 40085 |
| *v.* | **J. Phil Gilbert**, *Judge*. |
| KENNETH R. LUNSFORD, | |
| *Defendant-Appellant.* | |

## O R D E R

Kenneth Lunsford pleaded guilty to transporting and shipping child pornography in interstate commerce by use of a computer. The district court sentenced Lunsford to 420 months' imprisonment. Lunsford appeals his sentence. We affirm.

## I.

On February 2, 2006, Kenneth Lunsford entered an open guilty plea to an indictment charging that he transported and shipped child pornography in interstate commerce by use of a computer in violation of 18 U.S.C. § 2252A(a)(1). A revised Pre-Sentence Report ("PSR") calculated Lunsford's base offense level at twenty-two. The PSR provided for a two-level enhancement because the material involved a prepubescent minor; a five-level enhancement because the material was distributed for value; a four-level enhancement because the material portrayed sadistic or masochistic conduct; a five-level enhancement based on a pattern of activity involving the sexual abuse or exploitation of a minor; a two-level enhancement because the offense involved the use of a computer; and a five-level enhancement because the offense involved 600 images or more.  Following a proposed three-level reduction for acceptance of responsibility, the PSR set forth a total offense level of forty-two.

Lunsford filed objections to the PSR, first arguing that the five-level enhancement under U.S.S.G. § 2G2.2 for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor was inappropriate because it was based on conduct that occurred years earlier and was unrelated to the charged conduct. Specifically, Lunsford was convicted of two counts of aggravated sexual abuse of minors in 2001. The district court rejected Lunsford's objection, concluding that the 2001 conviction supported a five-level enhancement under § 2G2.2.  The district court also calculated a criminal history category of three, based on Lunsford's 2001 conviction. Lunsford also argued that using his prior conviction for sexual abuse of a minor to assess a U.S.S.G. § 2G2.2 enhancement, as well as to enhance his criminal history category and his minimum and maximum statutory sentences, violated the constitutional prohibition on double jeopardy. The district court rejected Lunsford's arguments, calculated a sentencing range of 360 - 480 months' imprisonment, and then sentenced Lunsford to 420 months' imprisonment. Lunsford appeals his sentence.

## II.

On appeal, Lunsford first argues that the district court erred in enhancing his offense level five levels pursuant to U.S.S.G. § 2G2.2.  Section 2G2.2 provides: "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase [the offense level] by 5 levels." U.S.S.G. § 2G2.2. The district court held that Lunsford's prior convictions on two counts of aggravated sexual abuse of minors constituted a pattern of activity involving the sexual abuse or exploitation of a minor. Lunsford acknowledges his prior conviction for sexual

abuse of a minor, but claims that the district court erred in enhancing his offense level under U.S.S.G. § 2G2.2 because, *in this case*, he was "charged with trafficking in child pornography," and the guideline notes provide: "'Sexual abuse or exploitation' does not include possession, receipt, or trafficking in materials relating to the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2 n.1. Thus, because his offense of conviction did not constitute "sexual abuse or exploitation," Lunsford maintains that the § 2G.2.2 enhancement was improper.

Lunsford's argument is misplaced. While it is true that trafficking in child pornography does not constitute "sexual abuse or exploitation" for purposes of the U.S.S.G. § 2G2.2 enhancement, the district court did not enhance Lunsford's offense level for trafficking in child pornography. Rather, the district court enhanced Lunsford's sentence under U.S.S.G. § 2G2.2 because of Lunsford's earlier conviction on two counts of aggravated sexual abuse of minors. That prior conduct, involving multiple counts, constituted "a pattern of activity involving the sexual abuse or exploitation of a minor."

In response, Lunsford claims that because his prior conviction for sexual abuse of minors was not related to his current offense, it did not constitute "relevant conduct" as defined by § 1B1.3 of the guidelines. Lunsford then asserts that he can only be sentenced based on "relevant conduct." However, contrary to Lunsford's position, U.S.S.G. § 2G2.2 does not require the "pattern of activity" to be "relevant conduct." *See* U.S.S.G. § 2G2.2, cmt. n.1 ("'Pattern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."). "Indeed, the Sentencing Commission itself has explained that 'the conduct considered for purposes of the "pattern of activity" enhancement is broader than the scope of relevant conduct typically considered under § 1B1.3 (Relevant Conduct).'" *United States v. Lovaas*, 241 F.3d 900, 904 (7th Cir. 2001) (quoting U.S.S.G. § 2G2.2 app. n.1, app. C, amend. 537 (1996)). *Lovaas* explained this point more fully. In that case, the defendant argued that the district court should not have applied U.S.S.G. § 2G2.2, because the decades-old instances of sexual misconduct upon which the district court relied were not relevant conduct to the two counts of conviction. We rejected that argument based on the commentary to U.S.S.G. § 2G2.2 and the Sentencing Commission's view that to determine whether a pattern of activity involving the sexual abuse or exploitation of a minor is present, "a court must consider conduct that would not be considered relevant conduct in other circumstances." *Id.* at 904. We held in *Lovaas* that the Sentencing Commission's view was owed deference, and accordingly a U.S.S.G. § 2G2.2 enhancement was appropriate, even if

the conduct did not constitute relevant conduct. *Id.* Similarly, in this case, the district court did not err in enhancing Lunsford's offense level under U.S.S.G. § 2G2.2 based on the 2001 conviction for two counts of sexual abuse of a minor.

Lunsford also argues that using his previous convictions for aggravated sexual abuse of minors to enhance his offense level, his criminal history category, and the statutory minimum and maximum sentences, violates the Double Jeopardy Clause of the Constitution. The Fifth Amendment's Double Jeopardy Clause provides that "[no] person [shall] be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V.

As this court explained in *United States v. Handford*, 39 F.3d 731, 735 (7th Cir. 1994):

> The Double Jeopardy Clause limits the different branches of our government differently. It prohibits the executive branch from twice bringing a defendant to trial for the same offense and the legislative branch from enacting legislation permitting the executive branch to do this. In the multiple punishment context, the Double Jeopardy Clause prohibits the judicial branch from imposing multiple punishments in situations in which the legislature did not intend them. It does not limit, however, the legislature in this respect, provided the legislature has adequately expressed its desire for cumulative punishments.

*Id.* at 735. Thus, the Double Jeopardy Clause has different limitations, depending on the branch of government involved.

In this case, Lunsford claims that the judicial branch impermissibly imposed multiple punishments for the same offense, namely his earlier conviction for aggravated sexual abuse of a minor. However, as we explained in *Handford*, and more recently in *McCloud v. Deppisch*, 409 F.3d 869 (7th Cir. 2005), "the Double Jeopardy Clause does not preclude the imposition of multiple punishments for the same offense, so long as the legislature has authorized cumulative punishment." *McCloud*, 409 F.3d at 873. Rather, "in the multiple punishments context, the Double Jeopardy Clause operates as a limit on the judiciary, ensuring that the total punishment did not exceed that authorized by the legislature." *Id.* Accordingly, "[s]o long as the legislature has made sufficiently clear that multiple punishments are permitted, a court does not violate the Double Jeopardy Clause by imposing more than one punishment for the same offense." *Id.*

Here, while Lunsford complains that he "has been adversely impacted three times by one 2001 conviction," Lunsford does not assert that this punishment exceeded that authorized by Congress. Nor would such a challenge succeed given Congress's clear directive that a prior state law conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children" shall increase the statutory minimum and maximum sentences from 5 to 20 years, to 15 to 40 years. 18 U.S.C. 2252A(b)(1). Similarly, the Guidelines authorize the use of a prior conviction for sexual abuse of children to support both an upward adjustment for a pattern of sexual abuse under § 2G2.2 and an increase in the defendant's criminal history. *See United States v. McCaffrey*, 437 F.3d 684, 688 (7th Cir. 2006). Accordingly, there is no Double Jeopardy problem. *See, e.g., McCloud*, 409 F.3d at 873.

Finally, Lunsford claims that his 420-month sentence was unreasonable. The Supreme Court held in *United States v. Booker* that appellate courts must review sentences for unreasonableness. 543 U.S. 220, 261 (2005). "A sentence within a properly calculated Guidelines range is presumptively reasonable." *United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006). In this case, the district court's sentence of 420 months' imprisonment was within the guideline range and is therefore presumptively reasonable. Lunsford nonetheless argues that the sentence was unreasonable because the district court did not adequately consider the § 3553 factors. However, in sentencing Lunsford, the district court explained that it had considered the § 3553 factors, and in fact told Lunsford that those factors "do not run in your favor." The district court further explained its rationale for sentencing Lunsford in the middle of the 360 - 480 range. Specifically, the district court stated that it was sentencing Lunsford to 420 months in prison because of the need to protect the public "including the children of this country and the children that would live around you, you're putting them in harm's way just by your presence on the outside." Lunsford has not shown that this conclusion was unreasonable, and we will not second-guess the district court's exercise of its discretion.

## III.

The district court did not err in assessing Lunsford a five-level enhancement under U.S.S.G. § 2G2.2, because Lunsford's earlier conviction on two counts of aggravated sexual abuse of minors constituted a pattern of activity involving the sexual abuse or exploitation of a minor. Lunsford's Double Jeopardy challenge also

fails because he did not establish that the district court exceeded the authority granted it by Congress.  Finally, Lunsford did not overcome the presumptive reasonableness of the 420-month sentence.  For these and the foregoing reasons, we AFFIRM.